UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

Case No.  14-cr-20509-TGB-MJH-1

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

Kenneth R. Coats

(COMPASSIONATE RELEASE)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☑ GRANTED

☑ The defendant's previously imposed sentence of imprisonment of _____ 115 months _____ is reduced to _____ time served _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☑ Time served.

If the defendant's sentence is reduced to time served:

☐    This order is stayed for up to fourteen days, for the verification of the

defendant's residence and/or establishment of a release plan, to make

appropriate travel arrangements, and to ensure the defendant's safe

release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☑ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

2

☐ The conditions of the "special term" of supervision are as follows:

☑ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☐ DENIED after complete review of the motion on the merits.

☑ FACTORS CONSIDERED (Optional)
See addendum.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

      IT IS SO ORDERED.

:

                          s/Terrence G. Berg
                          UNITED STATES DISTRICT JUDGE


Dated:  February 25, 2021

In determining whether Mr. Coats is eligible for compassionate release under 18 U.S.C. § 3582(c), the Court must determine (1) whether he has exhausted his administrative remedies, (2) whether there are "extraordinary and compelling reasons" that warrant his release, and (3) whether his release would be consistent with the factors set forth in § 3553(a). *See, e.g., United States v. Agomuoh*, 461 F. Supp. 3d 626, 629-30 (E.D. Mich. 2020); *United States v. Mitchell*, 472 F. Supp. 3d 403, 406 (E.D. Mich. 2020); *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021) (clarifying that the factors in U.S.S.G. § 1B1.13 are no longer a required component of the compassionate release motion analysis for motions directly filed by defendants).

The Government concedes that Mr. Coats has exhausted his administrative remedies. ECF No. 35, PageID.240-41. *See also* ECF No. 32-1, PageID.214-17. It also concedes that Mr. Coats's medical conditions of obesity and paraplegia qualify as "extraordinary and compelling reasons" necessary to consider release. ECF No. 35, PageID.241. Therefore, the Court need only consider whether "extraordinary and compelling" reasons justify release and whether release would be consistent with the § 3553(a) factors.

Mr. Coats suffers from underlying medical conditions that exacerbate COVID-19. First, Mr. Coats has a BMI of 33.10, which exceeds the threshold for obesity. ECF No. 32, PageID.197. The Centers for Disease Control and Prevention ("CDC") has recognized obesity as a risk

factor that places a person at increased risk of severe illness from COVID-19. ECF No. 32, PageID.197; *see also People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://perma.cc/7EQP-9C4X (last updated Feb. 3, 2021). Additionally, Mr. Coats's condition as a paraplegic puts him at increased risk for contracting COVID-19. *See* ECF No. 32-4, PageID.220. Due to his condition, Mr. Coats is "dependent on other people to assist him with his daily activities," therefore making it impossible for him to practice social distancing. ECF No. 32, PageID.197. This includes relying on other incarcerated individuals to "clean his cell and transport him to the medical unit to receive his medications." ECF No. 32, PageID.198. Given these circumstances, the Court gives significant weight to Mr. Coats's medical conditions as a reason for granting release.

Mr. Coats's risk is further exacerbated by the number of deaths at the facility which he is currently confined in. Mr. Coats is currently incarcerated at FCI Butner Medium I, which is part of the FCC Butner— a complex that contains multiple prisons. At the time Petitioner filed his brief, there were 3 inmates and 1 staff member who had tested positive for coronavirus at FCI Butner 1. ECF No. 32, PageID.199. Currently, 0 inmates and 6 staff members have tested positive. *See* FEDERAL BUREAU OF PRISONS, *COVID-19 Cases*, https://www.bop.gov/coronavirus/. While these numbers are relatively low, there have also been 9 deaths of inmates at FCI Butner I. *Id*. Additionally, the overall FCC Butner

complex has 22 active cases among inmates, 20 active cases among staff, 30 inmate deaths, and 1 staff death. *See* OFFICE OF THE INSPECTOR GENERAL, *Facility-Level BOP COVID-19 Trends*, https://experience.arcgis.com/experience/ab22fb4c564e4f4b986e257c685 190e8/page/page_0/?views=view_19.

Accordingly, the Court finds that there are extraordinary and compelling reasons for Mr. Coats's release.

The next consideration is whether Mr. Coats's release would be consistent with the factors outlined in § 3553(a). The Government's sole opposition to Mr. Coats's release is based on the factors outlined in 3553(a), which they assert "weigh strongly against compassionate release." ECF No. 35, PageID.242. First, the Government notes that the nature of the offense was "very serious" as it involved the recovery of two stun guns, a stolen .38 caliber revolver, and a .25 caliber semi-automatic handgun. ECF No. 35, PageID.243. Next, the Government points to Mr. Coats's previous criminal history as evidence weighing against his release including charges and convictions for carrying a concealed weapon, delivery/manufacture of a controlled substance, possession of cocaine, obstructing police, delivery of a controlled substance, and assault with a dangerous weapon. ECF No. 35, PageID.244-45. In sum, the Government opposes release based on "the danger posed by Coat's offense and his history" and the fact that his previous "record casts significant

doubt on whether he would abide by the release conditions." ECF No. 35, PageID.245.

There is no question that Mr. Coats was convicted of a serious crime. After executing a search warrant at his residence, officers recovered two stun guns, a digital scale, and cash inside, as well as two firearms from a vehicle in the driveway. Additionally, at the time of the offense Mr. Coats was on probation. ECF No. 35, PageID.232. However, the firearms in question were located outside in a car—not on Defendant's person—and the offense conduct did not involve using or brandishing the firearms.

Mr. Coats also has a long history of convictions. Most significantly, the Court notes Mr. Coats was convicted of assault with a dangerous weapon conviction in 2013. The record also shows that Mr. Coats has become re-involved in criminal activity while on probation, which heightens the Court's concern that he will comply with conditions of release.

However, the Court also notes that Mr. Coats has committed himself to rehabilitation during his period of incarceration. He has taken advantage of available training and treatment programs while incarcerated. These include a jobs program, a young men's awareness and behavior modification program, and a 500-hour drug program. ECF No. 32, PageID.203. His success in rehabilitation is also reflected by his minimal disciplinary history in prison as Mr. Coats has only had one

misconduct infraction from over 2 years ago, misusing authorized medication, that he claims was related to the chronic pain he experiences as a result of his paralysis. ECF No. 32-6, PageID.223. Mr. Coats has been incarcerated since August 2014, has served approximately 78 months of his 115 month sentence (approximately 67 percent of the term) and according to the BOP he is set for release on March 30, 2022. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited February 10, 2021). Considering that Mr. Coats has already served a substantial term of incarceration and that he is scheduled to be released in just over a year, the Court finds that granting Mr. Coats's motion for release would not be inconsistent with advancing the goals of deterrence and protection of the public from further crimes as outlined in §3553(a).

While the Court acknowledges the seriousness of Mr. Coats's crime and the nature of his previous record, on balance the Court finds after considering the relevant § 3553(a) factors, a reduction in his sentence would be warranted under the circumstances of this case—most saliently, that a significant portion of his sentence has already been served and his commitment to rehabilitation has been well demonstrated.

Having considered all of the above factors, the Court finds that release is appropriate. Mr. Coats is also ordered to self-quarantine at home for 14 days immediately upon his release.